# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

United States of America

v.

Charles Pingley

Date of Original Judgment: 3/29/2023
Date of Previous Amended Judgment:

)
)
)
)
)
)
)

Case Nos: 3:21-cr-22-1
3:22-cr-58

USM No: 33545-509

Jonathan A. Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 7/29/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:21-CR-22-KAC-DCP-1 |
| | ) | 3:22-CR-58-KAC-DCP |
| | ) | |
| CHARLES PINGLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANALYSIS

Before the Court are Defendant Charles Pingley's motions "for Sentence Reduction Under Guideline Amendment 821, Part A" [3:21-CR-22, Doc. 106; 3:22-CR-58, Docs. 19, 23].[1] On March 29, 2023, the Court sentenced Defendant to 125 months' imprisonment for two (2) counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2; one (1) count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; and two (2) additional counts of bank robbery, in violation of 18 U.S.C. § 2113(a), in a separate case [Doc. 76 at 1-3]. Defendant filed the instant Motion, asking the Court to reduce his term of imprisonment from 125 to 108 months under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A [Docs. 106 at 1; 3:22-CR-58, Docs. 19, 23]. The United States responded, "defer[ring] to the Court's discretion whether and to what extent to grant a reduction" [Doc. 107 at 1]. The United States also filed a "Victim Impact Statement" from the President of one of the victim banks [Doc. 108]. "[O]n behalf of his employees," the Bank President "urges the Court to decline to reduce Pingley's sentence" due to the "safety, security, and mental stability" Defendant caused the bank employees to lose when he robbed the bank [*See* Doc. 108-1].

---

[1] Unless otherwise noted, all citations to the record refer to the docket in 3:21-CR-22.

2

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Guidelines policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have been applicable to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline application decisions unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

3

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). Defendant's initial total criminal history score was five (5) [Doc. 68 ¶ 100, *sealed]. The then-existing text of Section 4A1.1(d) required that Defendant receive two (2) additional criminal history points because he committed the offense while under a criminal justice sentence [*Id.* ¶ 101, *sealed]. This resulted in a criminal history category of four (IV) [*Id.* ¶ 102, *sealed]. Based on a total offense level of twenty-seven (27) and a criminal history category of four (IV), Defendant's previous advisory guideline range was 100 to 125 months' imprisonment [Doc. 77 at 1, *sealed]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would not receive any additional criminal history points. *See* U.S.S.G. § 4A1.1(e). Therefore, his criminal history score would be five (5), resulting in a criminal history category of three (III) and an amended guideline range of 87 to 108 months' imprisonment.

The relevant Section 3553(a) factors, however, do not support a reduction of Defendant's term of imprisonment. ***First***, Defendant's underlying offenses were highly serious and posed a significant risk to the public, as reflected in the victim impact statement the United States submitted and the victim impact statements submitted at sentencing [*See* Docs. 108-1, 14]. *See* 18 U.S.C. § 3553(a)(2)(A), (C). The victims of his crimes included not just the banks from which he stole money but also the tellers who he intimidated and threatened [*See* Doc. 68]. Their trauma has not ended. ***Second***, considering Defendant's lengthy criminal history, which includes a past conviction for "Robbery with a Dangerous Weapon" and rape of a minor, an unmodified term of imprisonment is necessary to deter Defendant from committing future offenses [Doc. 68, ¶ 94, 96]. *See* 18 U.S.C. § 3553(a)(1), (2)(B). ***Third***, the Court chose a

4

sentence of 125 months due to Defendant's actions, history, recidivism, dangerousness, and violence. That 125 month sentence remains sufficient but not greater than necessary to meet the needs of sentencing. The Court appreciates Defendant's rehabilitative efforts, and he should continue working so he can pay restitution, but the applicable 3553(a) factors do not support a reduction.